UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| STANLEY A. SLUPKOWSKI,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN FMC ROCHESTER MN.,<br>WARDEN FMC DEVENS MA.,<br>WARDEN FCC BUTNER NC., and<br>WARDEN MCFP SPRINGFIELD MO.,<br><br>    Defendants. | Civil 08-1133 (JNE/SRN)<br><br><br>**REPORT AND RECOMMENDATION** |

    Plaintiff commenced this action by filing a complaint and an application for leave to proceed in forma pauperis, ("IFP").  The Court examined Plaintiff's IFP application, and determined that he had not adequately demonstrated that he is indigent and unable to pay the filing fee prescribed by 28 U.S.C. § 1914(a).  The IFP application was therefore denied.  (See Order dated April 25, 2008; [Docket No. 3].)

    The order denying Plaintiff's IFP application informed him that he could still maintain this action, as a NON-IFP litigant, if he paid the statutory filing fee within twenty (20) days.  Plaintiff was advised that if he did not pay the full filing fee within the time allowed, the Court would recommend that this action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).  The deadline for paying the filing fee, as set by the Court's prior order, expired more than two months ago, but Plaintiff still has not paid his fee.

    On May 1, 2008, the Court received a letter from Plaintiff, (Docket No. 4), which seems to suggest that he does not intend to pay the filing fee for this action.  Plaintiff apparently believes that he does not owe the filing fee, because (a) he is not a "prisoner"

for purposes of the Prison Litigation Reform Act, ("PLRA"), and (b) most of his assets – including a bank account with a balance of approximately $30,000.00 – have come from Veterans' benefits. The Court has already explained that although Plaintiff is <u>not</u> considered to be a prisoner, and he is <u>not</u> subject to the PLRA, he still must show that he is indigent in order to qualify for IFP status. (<u>See</u> Order dated April 18, 2008, at p. 1, n. 1.)

Plaintiff has cited no legal authority suggesting that Veterans' benefits cannot be taken into consideration for purposes of determining whether a litigant is financially eligible for IFP status. 28 U.S.C. § 5301(a)(1) does impose certain restrictions on the assignability of Veteran's benefits. The statute provides that –

> "Payments of benefits due or to become due under any law administered by the Secretary [of Veterans Affairs] shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

However, nothing in this statute suggests that recipients of Veterans' benefits are exempt from the statutory filing fee requirements of 28 U.S.C. § 1914. Moreover, it does not appear that assets acquired from Veterans' benefits, (as opposed to current or future installment payments of such benefits), are covered by the statute. Finally, and most importantly for present purposes, nothing in the statute suggests that Veterans' benefits cannot be taken into account for purposes of determining whether a litigant is financially eligible for IFP status. The Court notes that other federal courts have, in fact, considered Veterans' benefits when determining whether a person is indigent for IFP purposes. <u>See</u> <u>Curiale v. Graham</u>, No. 96-4125 (10th Cir. 1997), 1997 WL 527659 (unpublished opinion) at *1 (district court properly denied IFP application where disabled litigant had "a steady

income from social security and veteran's benefits"), cert. denied, 522 U.S. 1127 (1998); Henderson v. Alameda County Medical Center, No. C 07-02693CW (N.D.Cal. 2007), 2007 WL 3245265 at *1-2 (court fees not waived pursuant to § 5301(a)(1) where IFP applicant's "entire income" purportedly came from Veterans' benefits); Clayton v. Mege, No. 3:07-CV-00118 (M.D.Pa. 2007), 2007 WL 846627 at *1 (IFP application denied based on applicant's total income, including Veterans' benefits); Angell v. Discover Bank, No. 5:04CV427-SPM/AK (N.D.Fla. 2005), 2005 WL 1684413 at *2 (same).

In sum, Plaintiff has not paid the filing fee for this action, as required by the Court's prior order, and he has not provided any acceptable excuse for his failure to pay the prescribed fee. Therefore, it is now recommended, in accordance with the Court's prior order, that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: July 17, 2008              s/ Susan Richard Nelson
                                  SUSAN RICHARD NELSON
                                  United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 1, 2008** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.